IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:

DENISE ROBERTS
*AKA* DENISE R KISER

       Debtor.

_____/

CASE NO.   8:16-bk-03810-CPM

CHAPTER   7

## MOTION FOR RELIEF FROM AUTOMATIC STAY

### NOTICE OF OPPORTUNITY TO OBJECT AND FOR HEARING

**PURSUANT TO LOCAL RULE 2002-4, THE COURT WILL CONSIDER THIS MOTION, OBJECTION OR OTHER MATTER WITHOUT FURTHER NOTICE OR HEARING UNLESS A PARTY IN INTEREST FILES A RESPONSE WITHIN TWENTY-ONE (21) DAYS FROM THE DATE OF SERVICE OF THIS PAPER PLUS AN ADDITIONAL THREE DAYS FOR SERVICE. IF YOU OBJECT TO THE RELIEF REQUESTED IN THIS PAPER, YOU MUST FILE YOUR OBJECTION WITH THE CLERK OF THE COURT AT THE UNITED STATES BANKRUPTCY COURT, 801 N. FLORIDA AVENUE, SUITE 555, TAMPA, FLORIDA, 33602, AND SERVE A COPY ON THE MOVANT'S ATTORNEY, BUCKLEY MADOLE, P.C., P. O. BOX 22408, TAMPA, FLORIDA, 33622.**

**IF YOU FILE AND SERVE AN OBJECTION WITHIN THE TIME PERMITTED, THE COURT MAY SCHEDULE A HEARING AND YOU WILL BE NOTIFIED, OR THE COURT MAY CONSIDER THE OBJECTION AND MAY GRANT OR DENY THE RELIEF REQUESTED WITHOUT A HEARING. IF YOU DO NOT FILE AN OBJECTION WITHIN THE TIME PERMITTED, THE COURT WILL CONSIDER THAT YOU DO NOT OPPOSE THE GRANTING OF THE RELIEF REQUESTED IN THE PAPER, WILL PROCEED TO CONSIDER THE PAPER WITHOUT FURTHER NOTICE OR HEARING, AND MAY GRANT THE RELIEF REQUESTED.**

U.S. Bank National Association ("Movant"), by and through its undersigned attorney,

moves the Court for relief from the automatic stay pursuant to 11 U.S.C. §362(d)(1), and states:

1.    On July 30, 2004, Debtor executed and delivered a promissory note and mortgage securing payment of the note in favor of Market Street Mortgage Corporation.

2.    Movant, directly or through an agent, holds the promissory note and has the right to enforce and foreclose its lien. A copy of the promissory note, mortgage and assignment of mortgage is attached hereto and incorporated herein as Composite Exhibit "A."

3.    Debtor(s) executed a promissory note secured by a mortgage or deed of trust. The promissory note is either made payable to Creditor or has been duly indorsed. Creditor, directly or through an agent, has possession of the promissory note. Creditor is the original mortgagee or beneficiary or the assignee of the mortgage or deed of trust.

4.    The mortgage secures real property located in Pinellas County, Florida, which is more particularly described as follows:

Lot 115, ORANGE ESTATE OF ST PETERSBURG, according to the plat thereof recorded in Plat Book 34, Page 55, of the Public Records of Pinellas County, Florida

AKA 10446 52nd Avenue North, St Petersburg, Florida 33708 ("Collateral").

5.    Debtor is in default. The contractual due date is February 1, 2012. As of May 14, 2016, the unpaid principal balance is $112,214.19 and, according to the Statement of Intention, Debtor intends to surrender the Collateral. A Declaration in Support of the Motion for Relief from Stay is attached hereto and incorporated herein as Composite Exhibit "A."

6.    The Collateral is not listed as exempt on Schedule C.

7.    According to the Debtor's Schedules, the value of the Collateral is $85,997.00.

8.    The address for post-petition payments is U.S. Bank National Association, 4801 Frederica Street, Owensboro, Kentucky, 42301.

9.      It would be inequitable to permit Debtors to retain the Collateral, as there is no equity in the Collateral and it is not necessary for an effective reorganization.

10.      The value of the Collateral is insufficient to provide Movant with adequate protection.

11.      Furthermore, Movant is not receiving payments from Debtors to protect against the erosion of its collateral position.

12.      If Movant is not permitted to enforce its security interest in the Collateral, it will suffer irreparable injury, loss, and damage.

**WHEREFORE**, Movant, respectfully requests that the Court enter an order:

a.   terminating the automatic stay;

b.   permitting Movant to take any and all steps necessary to exercise any and all rights it may have in the Collateral described herein;

c.   allowing Movant to gain possession of the Collateral; and

d.   granting such other relief that the Court may deem just and proper.

Dated: May 25, 2016

/s/ Austin M. Noel
Austin M. Noel, Esquire

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was served by CM/ECF notice and regular mail to the parties below this 25th day of May, 2016.

**BUCKLEY MADOLE, P.C.**

*/s/ Austin M. Noel*
Austin M. Noel, Esquire
Florida Bar Number 106539
Buckley Madole, P.C.
P.O. Box 22408
Tampa, FL 33622
Main Phone/Fax: 813-774-6221
bkfl@buckleymadole.com

**VIA REGULAR MAIL**
Denise Roberts
10446 52nd Avenue North
Saint Petersburg, FL 33708-3380

**VIA CM/ECF NOTICE**
Roberto D. Deleon
Kaufman Englett & Lynd PLLC
150 N Orange Ave Ste 100
Orlando, FL 32801-2317

**Chapter 7 Trustee**
Traci K. Stevenson
P O Box 86690
Madeira Beach, Florida 33738